UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MIKE RANDALL,<br>Defendant. | Case No. 04-cr-40044-CW-8 (VKD)<br><br>**ORDER GRANTING MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE**<br>Re: Dkt. No. 796 |

On December 31, 2020, the Court held a hearing on defendant Mike Randall's motion to reopen his earlier detention hearing and his motion for release from detention. For the reasons explained during the hearing and in this order, the Court grants Mr. Randall's motion to reopen the detention hearing and denies his motion for release. This order may be appealed to the presiding judge.

**I.     BACKGROUND**

Mr. Randall is charged by petition with violating a condition of his supervised release. Dkt. No. 783. On November 5, 2020, the Court detained Mr. Randall pending a revocation hearing on the charge because the Court concluded that Mr. Randall had not met his burden to show by clear and convincing evidence that he is not a danger to others and the community. Fed. R. Crim. P. 32.1(a)(6). Dkt. No. 787.

Mr. Randall moves to reopen his detention hearing, citing three items of new information that he contends are material to the Court's consideration of whether he should be released under 18 U.S.C. § 3142(f)(2). First, Mr. Randall says that he has medical conditions that make him particularly vulnerable to serious illness if he were to contract COVID-19, namely diabetes and

high blood pressure.  Second, Mr. Randall says that he has not obtained all of the discovery he believes he requires to defend himself against the charge in the violation petition.  Third, Mr. Randall observes that Judge Wilken has scheduled an evidentiary hearing on the alleged violation of supervised release for February 25, 2021, a date that is later than the date the parties requested.  Mr. Randall argues that this new information, together with the matters previously raised at the detention hearing, supports a finding that he should be released on conditions that will reasonably assure the safety of others and the community.

The United States opposes Mr. Randall's motion to reopen the detention hearing on the ground that his medical conditions are not new information but could have been raised at his earlier detention hearing.  The United States argues that the other two grounds—discovery matters and the date of the revocation hearing—are not relevant to the question of detention.  In any event, the United States opposes Mr. Randall's release, even if the Court considers his medical conditions.

The Probation Office continues to recommend detention for the same reasons stated during the November 5, 2020 detention hearing.

## II. DISCUSSION

### A. Reconsideration of Detention Under 18 U.S.C. § 3142(f)(2)

The Court first considers whether Mr. Randall has demonstrated that he should be released from detention based on consideration of new information under 18 U.S.C. § 3142(f)(2).

The Court agrees with the United States that Mr. Randall's concerns about discovery and the date of his revocation hearing are not material to the question of whether he should be detained.  However, the Court agrees with Mr. Randall that his medical conditions, coupled with the current incidence of COVID-19 in the Santa Rita Jail, is new information that is material to the question of whether he should be detained.  Under 18 U.S.C. §§ 3142(g)(3)(A), (4), the Court may consider Mr. Randall's physical condition, his other personal characteristics, as well as the nature and seriousness of the danger to any person or the community that his release would pose.  Although Mr. Randall's pre-existing medical conditions were presumably known to him, they were not mentioned to the Court at the time of his detention hearing.  More importantly, the

2

incidence of COVID-19 infections in the Santa Rita Jail has increased substantially since Mr. Randall was detained.  In mid-November 2020, the jail reported no COVID-19 infections among the prisoner population; as of December 30, 2020, the jail reports 50 COVID-19 infections among the same population.  The resurgence of cases of COVID-19 within the jail combined with Mr. Randall's medical conditions is a development that justifies a reassessment of the risks to Mr. Randall's health as part of the Court's consideration of factors under 18 U.S.C. § 3142(g).  *See, e.g., United States v. Stephens,* 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

        Having considered this new information, the Court concludes that it does not support Mr. Randall's request for release from detention pending his February 25, 2021 revocation hearing.  While Mr. Randall is at increased risk of severe illness were he to contract COVID-19 by virtue of the fact that he has diabetes and high blood pressure,[1] the United States correctly observes that the Santa Rita Jail has implemented a number of measures to contain the spread of the virus in the jail that were not in place last spring at the outset of the pandemic, including testing protocols and quarantining of prisoners who are ill or who have been exposed to the virus.  The record before the Court does not reflect that Mr. Randall's present conditions of confinement subject him to an unreasonable risk of exposure to COVID-19.  Moreover, but for the current public health crisis, Mr. Randall's pre-existing medical conditions would not support his release from detention, given the burden that he bears under 18 U.S.C. § 3143(a) and Rule 32.1(a)(6).  Mr. Randall's criminal history includes a history of violent conduct and prior firearms-related charges.  The proffers made by the United States and the information provided by the Probation Office in support of detention caused the Court to conclude that Mr. Randall does indeed pose a danger to others and the community, and Mr. Randall's proffers at the detention hearing were not sufficient to persuade the Court by clear and convincing evidence that he does not pose such a danger.  The new information presented by Mr. Randall does not alter the Court's assessment of the danger he poses to the

---

[1] The Centers for Disease Control website states that people with Type 2 diabetes are at increased risk of severe illness from COVID-19, and that people with high blood pressure might be at increased risk of severe illness from COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

community.

Accordingly, the Court grants Mr. Randall's motion to reopen the detention hearing but, having considered new information concerning his medical conditions, denies his motion for release from pretrial detention under 18 U.S.C. §§ 3142(f)(2).

### B. Temporary Release Under 18 U.S.C. § 3142(i)

Although Mr. Randall's motion does not argue for temporary release under 18 U.S.C. § 3142(i), the Court nevertheless considers whether the showing that he has made constitutes a compelling reason justifying such temporary release from custody.

Section 3142(i) provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  A number of courts have concluded that a serious health issue or medical condition can constitute a compelling reason for temporary release under this provision. *See*, *e.g., United States v. Keeton,* 457 F. Supp. 3d 855, 859 (E.D. Cal. 2020), *aff'd*, No. 20-10162, 2020 WL 4805479 (9th Cir. June 17, 2020).  Mr. Randall does not argue that release from detention is necessary for preparation of his defense to the charged violation of supervised release.

For the same reasons discussed above with respect to 18 U.S.C. § 3142(f)(2), the Court finds that Mr. Randall has not demonstrated that his increased risk of severe illness were he to contract COVID-19 is a compelling reason that necessitates his temporary release from custody, in view of the precautions presently undertaken at Santa Rita Jail to control the spread of the virus.

However, the Court is concerned by certain matters to which Mr. Randall's counsel alluded in the motion papers and at the hearing, suggesting that Mr. Randall is at risk of serious health issues if certain of his pre-existing medical conditions are not treated promptly.  For example, Mr. Randall's counsel referred to surgical and other procedures that Mr. Randall was scheduled to have on his eyes to address potential vision loss due to his diabetes, but that he has not been able to have because he is in custody.  The record on Mr. Randall's medical conditions and required medical procedures, and the barriers that purportedly prevent him from obtaining

4

treatment, is not developed in the present motion, and the Court cannot determine whether temporary release may be warranted to address an urgent medical condition, separate and apart from Mr. Randall's concern regarding his increased risk from exposure to COVID-19. Accordingly, this order denying Mr. Randall's request for release is without prejudice to any future motion for temporary release that he might make with respect to such matters.

**IT IS SO ORDERED.**

Dated: December 31, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

5